UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAMALA D. ABRAMS,

    Plaintiff,

vs.                               Case No. 8:04-cv-492-T-17EAJ

R. JAMES NICHOLSON, SECRETARY, U.S.
DEPARTMENT OF VETERANS AFFAIRS,

    Defendant.
_____/

## ORDER

This cause is before the Court on Defendant, R. James Nicholson's, Secretary of Veterans' Affairs, Motion for Summary Judgment filed on November 15, 2005 (Docket No. 19) and Plaintiff, Pamala D. Abrams', Memorandum in Opposition to Defendant's Motion for Summary Judgment, filed on February 23, 2006 (Docket No. 34).

## I. BACKGROUND

Plaintiff, Pamala D. Abrams, is an employee of the James A. Haley Medical Center, a Veteran's Hospital in Tampa, FL. Defendant, R. James Nicholson, is the Secretary of Veteran's Affairs which oversees Veteran's Hospitals. Defendant, R. James Nicholson replaced the previous Secretary of Veteran' Affairs, Anthony J. Principi, who was originally named as Defendant in the instant case. Plaintiff is bringing the instant suit against Defendant under The Rehabilitation Act, 29 U.S.C. §794. Plaintiff's amended complaint (Docket No. 6), filed on July 9, 2004, states that after sustaining on-the-

job injuries at the hospital, she had held the position of a light-duty Licensed Practical Nurse (LPN) in the Occupational Health department of the hospital. Plaintiff states that she was informed that her position would be changed on August 15, 2001, to be a telephone operator and that she would no longer hold the position of light-duty LPN in the Occupational Health department. Plaintiff did not accept nor report to the new position as a telephone operator, and demanded to be returned to her earlier position in the Occupational Health department. Plaintiff's amended complaint further states that, subsequently, Defendant attempted to create a new position for Plaintiff and wanted Plaintiff to accept the new position of a Nurse Staffing Coordinator prior to receiving consent from her doctor and from the Office of Worker's Compensation Programs. Plaintiff claims that she was assigned the new positions without her consent due to her perceived disabilities by Defendant and that this was intentional discrimination because of her disabilities. Defendant has answered with denials and affirmative defenses. (Docket No. 8) Defendants have further responded by stating that Plaintiff was reassigned to new positions because her disability status changed, and she had more restrictions placed on her by her doctor which limited her ability to perform the previous job functions. (Docket No. 20) Plaintiff stated that her disability status had not changed and she was still perfectly capable of performing her job duties as an LPN in the Occupational Health department of the hospital. (Docket No. 35)

## II. STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 322-324 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986).  There is no genuine issue of material fact if "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party . . . ." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The evidence presented must be construed in favor of the nonmoving party, and that party must receive the benefit of all favorable inferences that can be drawn from that party's evidence. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).  The Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. " Liberty Lobby, 477 U.S. at 249.

### III. DISCUSSION

Plaintiff Abrams has asserted a claim against Defendant R. James Nicholson claiming a violation of The Rehabilitation Act of 1973, 29 U.S.C. §794(a), based on alleged discrimination toward Plaintiff because of her disabilities.  Three prongs must be met in order to establish a *prima facie* case of discrimination under The Rehabilitation Act.  The Plaintiff must show: (1) she has a disability; (2) she is otherwise qualified for the position; and (3) she was subjected to discrimination because of her disability.  Sutton v. Lader, 185 F.3d 1203 (11th Cir. 1999).  It is undisputed by the parties that Plaintiff has disabilities which meet prong one of the *prima facie* case.  Whether Plaintiff is otherwise qualified for the position is in dispute.  In order to find if a party is otherwise qualified, the trier of fact must look at whether the party could perform the essential functions of the position, and if they are not able to, whether they would be able to with reasonable accommodations.  This test must be looked at in an individualized fashion.  Chandler v City of Dallas, 2 F.3d 1385 (U.S. App., 1993); Rauenhorst v United States DOT, FHA., 95 F.3d 715 (U.S. App., 1996).

In addition, if an employee can not perform the duties of a position they were originally hired for, but they can essentially perform the duties of  a light duty position where new accommodations were put into place to allow the employee to successfully perform, then the employee has shown that

they are "otherwise qualified" within the meaning of the act. Karnes v Runyon, 912 F.Supp. 280 (S.D. Ohio 1995); Easley v West, 1994 U.S. Dist. LEXIS 17789 (E.D. Pa. 1994).

The declarations of Plaintiff Abrams and Plaintiff's physician, G. E. Vega, M.D. (Docket No. 35) must also be viewed by the Court when deciding summary judgment. These declarations are in direct opposition to statements made by representatives of Defendant hospital. Because deference must be given to the nonmoving party when deciding summary judgment, the Court finds that the Plaintiff has established a *prima facie* case under the Rehabilitation Act. For these reasons, the Court finds there are still genuine issues of material fact to be weighed by the trier of fact and, therefore, summary judgment is not proper in regards to the claim of discrimination under the Rehabilitation Act, 29 U.S.C. §794.

In the amended complaint (Docket No. 6), Plaintiff makes mention of a retaliation claim. In light of the Court's decision that this case should move forward on the discrimination claim, the Court also finds that all claims set forth by Plaintiff, including the retaliation claims, should proceed. Accordingly, it is

**ORDERED** that the Motion for Summary Judgment (Docket No. 19) be **DENIED** as to Plaintiff's Rehabilitation Act claims.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, on this 4th day of August, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record